ORFINGER, J.
David S. Higgins appeals from a final judgment of foreclosure entered in favor of Timber Springs Homeowners Association, Inc. Mr. Higgins contends that the trial court erred by denying his request to stay the proceedings and to vacate the final summary judgment of foreclosure in Timber Springs’s favor. We agree and reverse.
Timber Springs, claiming that it was owed $363.33 in unpaid homeowner’s fees, filed a foreclosure action against Mr. Higgins and his property. Mr. Higgins was personally served with the suit papers. The affidavit proving service stated that Mr. Higgins “is in the military service of the United States of America.” Mr. Higgins, representing himself, filed an answer, stating, in relevant part:
I am currently serving on active duty, with the U.S. Army.... I respectfully ask that those [late] fees be waved [sic] in accordance with the SCRA. Service-members Civil Relief Act (SCRA) 50 U.S.C. App. §§ 501-597b. The Soldiers and Sailor’s Civil Relief Act precludes active Duty [sic] service members from civil cases such as this.
Undeterred, Timber Springs filed a motion for summary judgment and noticed it for hearing. In response, Mr. Higgins filed another letter, again indicating that he was an active member of the military and asserting that the SCRA afforded protection for the members of the military from civil matters when they are unable to appear before the court due to their military obligations. He included a copy of his military orders that showed that his permanent duty station had been, changed from Orlando, Florida, to Coraopolis, Pennsylvania, and that he was required to report to Pennsylvania on August 27, 2012, two weeks prior to the scheduled summary judgment hearing. Notwithstanding Mr. Higgins’s military status, the summary judgment hearing proceeded in his absence and a summary foreclosure judgment was entered in favor of Timber Springs.[1] Prior to the foreclosure sale, Mr. Higgins filed yet another letter, asking the court to postpone the proceedings due to his active military status. The court treated the letter as a motion for extension of time and denied it. This appeal follows.
The SCRA was enacted “to protect those [servicemembers] who have been obliged to drop their own affairs to take up the burdens of the nation” from exposure to personal liability without first having an opportunity to appear and defend themselves in person or through counsel.[2] Boone v. Lightner, 319 U.S. 561, 575, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943). One of the purposes of the SCRA is “to provide for the temporary suspension of judicial *396 and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.” 50 U.S.C. app. § 502(2). As such, the SCRA allows a servicemem-ber on military duty to move to stay any judicial or administrative proceeding initiated against him or to move to stay the execution of any judgment entered against him.[3] See 50 U.S.C. app. §§ 522, 524 (2011).
At any stage before final judgment in a civil action or proceeding, a court may, on its own motion, and shall, on the application by the servicemember, stay the proceeding not less than 90 days if the ser-vicemember satisfies two requirements. The servicemember must submit a “letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember’s ability to appear and stating a date when the servicemember will be available to appear.” 50 U.S.C. app. § 522(b)(2)(A) (2011). The service-member must also submit a “letter or other communication from the servicemem-ber’s commanding officer stating that the servicemember’s current military duty prevents appearance and that military leave is not authorized for the servicemem-ber at the time of the letter.” 50 U.S.C. app. § 522(b)(2)(B) (2011).
While Mr. Higgins did not file an explicit request to invoke the provisions of § 522, he did submit multiple letters, which, among other things, informed the trial court of his active duty military status, advised the court regarding the SCRA protections, and attached a copy of his military orders, requiring him to be in Pennsylvania two weeks before the scheduled summary judgment hearing. However, the court never considered a stay. Instead, the court held the hearing and granted final summary judgment in Timber Springs’s favor without Mr. Higgins present. Indeed, the court struck Mr. Higgins’s motion to vacate the final judgment, without ruling on his request to stay the execution of the final judgment under 50 U.S.C. app. § 524.
Timber Springs argues that Mr. Higgins was not entitled to a stay because he failed to satisfy the statutory requirements of § 522. While Mr. Higgins established that he was on active military duty, and was ordered to permanently relocate and report to Pennsylvania just prior to the summary judgment hearing, Timber Springs correctly observes that he did not provide a letter or other evidence from his commanding officer stating that his military duty prevented his appearance. 50 U.S.C. app. § 522(b)(2)(B). Still, the courts have frequently granted stays despite the ser-vicemember’s failure to comply strictly with the requirements of the SCRA. See, e.g., In re Amber M., 184 Cal.App.4th 1223, 110 Cal.Rptr.3d 25 (2010) (holding servicemember entitled to stay even if letter did not strictly comply with SCRA technical requirements).
The SCRA is to be liberally construed in favor of those “who dropped their affairs to answer their country’s call.” Boone, 319 U.S. at 575, 63 S.Ct. 1223. Given the equitable nature of foreclosure proceedings, and because the SCRA is liberally construed in favor of servicemembers, the *397 trial court should have given Mr. Higgins an opportunity to supplement his request for a stay under the SCRA before proceeding. Accordingly, we conclude the trial court erred in holding the summary judgment hearing and later striking Mr. Higgins’s motion to vacate the final judgment of foreclosure. This conclusion renders the remaining issue moot.
REVERSED and REMANDED.
COHEN, J., concurs in result only.
TORPY, C.J., dissents, without opinion.

. Excluding attorneys’ fees and court costs, the past due homeowner’s fees were determined to be $308.24.

. Since Mr. Higgins did not invoke below the Florida Uniformed Servicemembers Protection Act, sections 250.80-.84, Florida Statutes, we do not consider it.

. Because Mr. Higgins had notice of the foreclosure proceedings against him, this case involves a stay under 50 U.S.C. app. § 522, not 50 U.S.C. app. § 521. The provisions of 50 U.S.C. app. § 521 apply to situations when a servicemember does not have notice of the proceedings commenced against him (thereby providing protection against default judgments). Section 522 specifically applies when a servicemember does have notice of proceedings commenced against him.